DECISION AND JUDGMENT ENTRY
These consolidated appeals are before the court from judgments of the Ottawa County Court of Common Pleas which sentenced defendant-appellant, Kevin Lamont Stuart, upon his convictions for trafficking in crack cocaine and failure to appear. From those judgments, appellant raises the following assignment of error:
 "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON APPELLANT WITHOUT MAKING THE FINDINGS MANDATED BY OHIO REV. CODE SECTIONS 2929.19(B)(2)(c) and (d) and 2929.14(E)."
On August 6, 1998, appellant was indicted and charged in an eleven count indictment, plus a forfeiture specification, under which all of the offenses charged were drug related (case No. 98-CR-107). Appellant entered a plea of not guilty to those offenses and was released on a cash/surety bond. Subsequently, appellant failed to appear for the July 13, 1999 trial of those charges and the lower court issued a bench warrant for his arrest. In addition, on July 23, 1999, appellant was indicted and charged with one count of failure to appear (case No. 99-CR-139). Appellant was ultimately arrested on February 1, 2001, and thereafter entered a plea of not guilty to the failure to appear charge.
On April 3, 2001, appellant withdrew his former not guilty pleas and entered pleas of guilty to one count of trafficking in crack cocaine in an amount greater than 10 grams but less than 25 grams in case No. 98-CR-107, and to one count of failure to appear in case No. 99-CR-139. In exchange for the guilty pleas, the state dismissed the remaining ten counts of the indictment in case No. 98-CR-107 as well as the forfeiture specification in that case. Subsequently, the court called the matter for a sentencing hearing at which appellant and his mother made statements to the court. In addition, the court considered a presentence investigation report. The court then sentenced appellant to seven years in prison on the trafficking conviction and four years in prison on the failure to appear conviction. The court also ordered the sentences to be served consecutively, for a total of eleven years imprisonment. It is from that judgment that appellant now appeals.
In his sole assignment of error, appellant challenges the consecutive nature of the sentences imposed by the trial court. In particular, appellant asserts that the trial court failed to make the requisite findings under R.C. 2929.14(E)(4) to impose consecutive sentences.
The overriding purposes of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
Pursuant to R.C. 2929.12(A), the trial court has discretion in determining the most effective way to comply with the principles and purposes of sentencing set forth in R.C. 2929.11. In exercising its discretion, however, a trial court must consider the factors enumerated in R.C. 2929.12(B) and (C) to determine whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. The court must further evaluate the factors enumerated in R.C.2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
In addition, a trial court can impose consecutive sentences for multiple offenses, only if the court finds:
 "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
A trial court must articulate its reasons for imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c).
In the present case, appellant was not eligible for minimum prison terms as he had previously served prison sentences. The possible sentencing range for trafficking in crack cocaine in an amount greater than 10 grams but less than 25 grams, a second degree felony, is two to eight years imprisonment. The possible sentencing range for failure to appear was, at the time of the offense, one to five years imprisonment[1]. Appellant was sentenced to a seven year term on the trafficking charge and to a four year term on the failure to appear charge. Although neither sentence was the maximum possible term, the court did order that the terms were to be served consecutively, for a total of eleven years.
In its judgment entries of sentence, the court stated that it had considered the record, oral statements, any victim impact statement and presentence investigation report, as well as the principles and purposes of sentencing under R.C. 2929.11, which include the purpose of protecting the public and punishing the offender, and had balanced the seriousness and recidivism factors under R.C. 2929.12. With regard to the seriousness factors under R.C. 2929.12(B), the court stated that the more serious factors outweighed the less serious factors. The specific seriousness factors found by the court were that appellant committed the trafficking offense as part of organized criminal activity, importing and selling large quantities of crack cocaine in Ottawa County, and that appellant purposely avoided arrest for almost two years in an effort to avoid the consequences of the crimes committed in Ottawa County. The court found no factors under R.C. 2929.12(C) which would indicate that the crimes were less serious than those normally constituting the offenses.
With regard to the recidivism factors, the court found that appellant was more likely to recidivate because of his significant history of criminal convictions, including two felony drug convictions, the fact that appellant has not led a law abiding life as an adult, the fact that these offenses were committed under circumstances which have been continuously repeated by appellant, and because appellant shows no genuine remorse for his crimes. The court found no factors under R.C.2929.12(E) indicating that appellant was not likely to commit crimes in the future.
After pronouncing the sentences, and ordering that they be served consecutively, the court stated:
 "In finding consecutive terms are appropriate, the Court adopts all of its findings, in this entry. The Defendant is unremorseful, has led a persistently criminal life style for the entirety of his adult life and he has never responded affirmatively to rehabilitative efforts, including prior confinements, imprisonments and Court ordered treatment programs. The Defendant poses the greatest likelihood of committing future offenses. The Defendant appears to have been a leader or instrumental in the organized cocaine trafficking group which invaded Ottawa County from Lucas County. The Defendant and his associates sold large quantities of crack cocaine to the detriment of the citizens of Ottawa County. Their sales were directly attributable to numerous crimes in Ottawa County."
A review of the transcript from the sentencing hearing reveals that the trial court made the same findings on the record.
Paraphrasing R.C. 2929.14(E)(4), this court has consistently held that:
 "* * * a court may impose consecutive sentences only when it concludes that the sentence is 1)necessary to protect the public and punish the offender; 2) not disproportionate to the conduct of the offender and the danger that he or she poses; and 3) the court finds one of the following: a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public." State v. Walk (Dec. 29, 2000), Erie App. No. E-97-079.
In the present case, the trial court adopted its previous findings in support of its imposition of consecutive sentences. The court's previous findings include the consideration that the sentence is necessary to protect the public and punish the offender. Accordingly, the first prong of the test for consecutive sentences has been met. We also conclude that the passage from the court's judgment quoted above meets the requirements for the third prong of the test for the imposition of consecutive sentences. The trial court, however, never found in either of its judgment entries of sentence or at the hearing, that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public. This court has consistently held that the imposition of consecutive sentences requires such an express finding. State v. Claussen, 6th Dist. No. OT-01-026, 2002 Ohio 2358, at ¶ 20; Walk, supra.
Accordingly, we must find that the trial court erred in imposing consecutive sentences on appellant and the sole assignment of error is well-taken.
Before concluding, we note that appellant's counsel has raised in her brief to this court additional issues under an Anders analysis. We note, however, that counsel has not filed a motion to withdraw as counsel on appeal or complied with other Anders requirements. Accordingly, we need not address those issues in this decision.
On consideration whereof, the court finds that the Ottawa County Court of Common Pleas erred in its sentencing of appellant. Those sentences are hereby vacated and the cases are remanded to the trial court for resentencing. Court costs of these appeals are assessed to appellee.
SENTENCES VACATED.
Melvin L. Resnick, J. and Mark L. Pietrykowski, P.J. CONCUR.
George M. Glasser, J. CONCURS AND WRITES SEPARATELY
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] When appellant failed to appear for trial on July 13, 1999, R.C.2937.99 provided that the offense was an unclassified felony with a sentencing range of one to five years imprisonment. Effective March 23, 2000, R.C. 2937.99 now provides that failure to appear in connection with a felony charge is a fourth degree felony.